I'm supposed to speak about the standard of proof principally, but I just want to add one additional anecdote relating to the transcript issue. On Friday, in a post-CASAS habeas challenge in district court, which I brought, the district court granted the petition and sent it back to the IJ precisely because there was no transcript and the district judge couldn't tell whether the IJ had put any burden whatever on the government. And the government refused, declined to file an affidavit describing the hearing contrary to my client's affidavit. So the only evidence on the record was there was no burden at all placed on the government and sent it back for another CASAS hearing. I think Mr. Singh's, Gurdev Singh's case also indicates some of the dangers of not having a transcript where it seems pretty clear that the bond memorandum was written with an eye towards the issues raised in the notice of appeal to the BIA. That is the IJ was engaging in backfilling of the reasoning in order to preempt the arguments made to the BIA and even arguments that were raised in the amended petition in the district court that was pending at the time. So having a transcript is definitely really important. As Judge Whalen, who granted the petition in part on Friday, said he's not going to order that there be one. He wasn't going to reach that issue, but he said it would be very nice if there were a transcript. This whole case could have been resolved on that basis. Now, as to the standard of proof, your honors, life, liberty and property are the three fundamental rights expressly singled out in the due process clause. And that order is significant because next to life itself, liberty is our most valued right. And in decisions like Addison, Addington and Sentoski, the Supreme Court recognized that the importance of a right is reflected in the burden and standard of proof. Attending the state's efforts to take that right away. As both those cases stated, the standard of proof at a minimum reflects the values society places on individual liberty. So I think that these cases, not only those two cases, but Addington, Sentoski, Cooper, Hendricks, Fuchsia, all those Supreme Court cases talking about the deprivation of fundamental rights have indicated, have recognized that a standard higher than preponderance is necessary. Can I ask you a question? Sure. You're making this argument to us. You're also making the argument about transcript. Yes. Have those, in your case, or you can't answer to the other cases, have these issues ever been raised before the BIA? Have they expressed a view on either of them? Yes, your honor. There was this, these are arguments that were raised in the notice of appeal in Gurdev Singh's case, was that there was no articulation, number one, who actually had the burden the IJ never said. There's one word in the bond memorandum, established, the government established, and they were taking that as showing that the burden had been placed on the government. But there's absolutely nothing, not one word about what the standard of proof is. Was it argued to them? Yes. It should be clear and convincing. Yes, your honor. Mr. Singh was represented by his immigration attorney at the bond hearing, and his attorney specifically asked that, said that the standard should be clear and convincing evidence. And was that presented to the BIA, that argument? Yes, your honor. I believe that was raised as one of the arguments on appeal. But, in fact, as the But the BIA did not issue a reasoned opinion as to what it was, whether it agreed with that or not. I don't think it, I don't believe that it reached that specific issue. And it hasn't reached one in some other case. I believe the Not in a published one. No, certainly not in a published decision, no, your honor. And what about the transcript? The transcript issue likewise has, and I believe that was raised, because in the appeal that there wasn't a requirement for a transcript. But again Why wouldn't those issues be appropriate for the BIA to consider in the first instance? I don't know what the, I can't remember the posture in your case, whether exhaustion is an issue or not. But why wouldn't it be appropriate for this court not to reach out to make those determinations, but to let the BIA take the first crack at it? Well, your honor, because there's several appeals of CASA's bonds, which appear to have gone up to the BIA, and there hasn't been any published decision. In fact, as I mentioned in the brief, there was a rare oral argument in front of the BIA on the question whether the regulations even grant jurisdiction for an appeal of a CASA's bond. And the government there argued that there is no jurisdiction for the BIA to review a CASA's bond. That was the government's official stand. And that decision, I mean, there was never any decision rendered in that case, because ultimately the petitioner, the alien, was removed before the BIA reached its decision. So I believe they're probably never going to come back. In one of our cases, the BIA actually did take the appeal and affirmed the, did the ANOVA review and affirmed the IJ. So I don't know what was argued in that case, but by its actions, I guess the BIA assumed it had jurisdiction. All I can say in Mr. Gurdev Singh's case, I was cooperating with the Immigration Council, and we were coordinating, and we made sure that the similar arguments, because even though we were arguing there is no exhaustion requirement for the district court to consider these habeas cases, we were anticipating that there could be, I mean, just to anticipate that problem, we were coordinating and the arguments that were being raised in the district court in the amended petition were mirrored by arguments raised before the BIA. Let's assume that the, and I'm asking you this because of the unusual nature of these cases, and I know you've argued before us helpfully, so I'm trying to understand from a posture of the case and these issues, this panel is being asked to address a lot of issues that the CASAS hearing process itself has thrown up. It's troublesome that we don't have anything from the BIA on some of these issues as to how these proceedings are to be run. Government's argument to us is this is all a matter unrevealable by the courts. It's all between the IJs and the BIA and the Attorney General. Why wouldn't it be appropriate, therefore, however we may agree or disagree on the judicial role, as a matter of prudential judicial judgment, asking at least on the two issues we've been talking about, on clear and convincing standard and on the appropriateness of taping, have the BIA consider those? Well, two things, Your Honor, is one that, as we've seen, the BIA is not charging into the breach to try to answer those procedural questions. Well, but, you know, if asked, they might. That's true, Your Honor, but I believe they have been asked and I think they're declining to because they're not sure themselves. As I said, they weren't sure themselves whether they even have jurisdiction to hear an appeal from a casus bond and took rare oral argument on that issue. And I think they're trying maybe they don't want to come to that issue yet because right now, of course, casus bonds are a matter only of cases that arise out of the Ninth Circuit. And there may be not certain whether they need to make any kind of general decisions on that. But in the meantime, the casus remedy is a judicially created remedy. This is a remedy which this Court found was necessary in order to avoid some serious constitutional concerns about prolonged detention. Unfortunately, there's been a lot of confusion in the lower courts in the administrative procedure and even in the district courts about what casus actually requires. And that's why these three cases are here today, for this Court to make it clear what those procedures are, because this is the Court's remedy. The Court, I think, has the duty and would certainly help the more efficient flowing of the hearings and of the district court review of what happens if we had some idea of what these standards are. Are they required to record them? Are they required to have a clear and convincing evidence standard? And the procedures, what sort of evidence is allowable? Counsel, is there in our record evidence that you tried to exhaust these issues before the BIA? Well, yeah, the Immigration Counsel did pursue and appeal to the BIA. That's exactly why the IJ knew what the arguments were going to be and was able to tailor his bond memorandum to it. Counsel, just to refresh my recollection on the timing of all of this, I was under the impression that you filed habeas immediately after your casus hearing and did not take an appeal at your casus hearing to the BIA. No, that's not correct, Your Honor. Actually, the habeas was pending before the casus decision was rendered. In fact, the judge was saying he was going to render a decision within two weeks. He took two months. And in the meantime, casus decision was handed down. Okay, by the IJ? No, no, by this Court. Casus was decided. Casus was decided. Okay, then what did you do? Did you go back to the? The government asked that the case be sent, that it be held in abeyance, while Mr. Singh went and tried to get a casus bond. We opposed that, but then eventually that's what the Court ordered. We went, had the hearing. Before the IJ. Before the IJ. And we believed that there was a procedurally deficient proceeding, and we asked the district court if we could amend the petition to add the procedural due process. But did you challenge the casus hearing to the BIA? Yes, his immigration attorney did appeal to the BIA. And did the BIA issue a decision? Yes, it did. Okay, and the district court had the benefit of that decision when it issued its decision here? No, it came after the court had rendered its decision, but after I had filed a motion to amend the judgment. So it wasn't final at that point. A district court's decision that we have under review here is a review of an IJ's casus decision and not of the BIA's hearing the appeal from that. Is that correct? Technically, that's true. As I said, though, the judge's order in April was not final because there was a motion. How can we hear an appeal of a district court decision reviewing an order that's no longer operative because there's been a subsequent appeal within the agency? Well, my argument was that there was no need for exhaustion in the first place, and that's the argument that I make in my briefs. So the district court decided it couldn't reach any of the issues in the appeal because they weren't exhausted. We were arguing that there is no requirement for exhaustion for detention, and there's actually a decision to this case. If we thought that exhaustion was required or that it was prudentially called for, either way, then what should we do in this case? Well, I think the court can still reach the merits of this because the decision was not final at the time that the BIA decision came down. The BIA decision was submitted to the court by the government. The district court was aware of the BIA decision and was aware of the, in fact, there was some pleadings that were filed on this issue where I was arguing, look, the procedural defects in the BIA's decision simply mirror the same procedural defects in the IJ's decision. In fact, the BIA decision circularly refers to part of the reasoning in the district court. It cites the district court's order as part of its reasoning, so it's completely circular, and it was another indication of how this is kind of like a post hoc rationalization. So those pleadings were filed. The district court had not rendered its final decision because the motion to amend under 59E was still pending, and then when it did, it didn't make any reference to make any substantive changes. It made one change because of the holding in alcohol. It amended its decision based on the holding in alcohol versus holder, but other than that, it left it the same, even though it had before it by then the BIA decision, and my objection is that the same errors were exhibited there. Thank you, Your Honor. Thank you. May it please the Court, Willie Moore for the government. This case involves a criminal alien who's been ordered removed from this country by the BIA. He's a Sikh, and there's reasonable certainty of success of his ultimate removal to India if his petition for review is denied. He received a bond hearing in front of NIJ, and bond was denied because he was a danger and a flight risk. He's received all the process he's due, and the Court should affirm the district court's denial of his habeas petition. Could you address this exhaustion issue and the issue about the BIA weighing in on the standard of proof and the transcript? You can talk about other things if you want, but those are obviously things that some of us would like the government's view on. Your Honor, we appended, I believe, the request for judicial notice and the government's appendix to the responding brief the decision of the BIA, which … Is it right that the district court was aware of the BIA decision? I don't believe so because the BIA decision came after. That's what counsel said, but before his order became final. It's good counsel to say that the district court knew about the BIA decision. The bond hearing, I don't have an answer to that question, Your Honor. Counsel just made that representation. Am I misunderstanding, counsel? Did the district court have the BIA decision before? Yes, the government submitted it as it went through the court. So it's already been before the district court? In that situation, yes. And my assumption is that exhaustion is not an issue at this point before the court. All right, so in any event, what about the BIA having the opportunity to rule, assuming that that's an option? And it may not be procedurally or for whatever the reason, but if there is the option to ask for the BIA's opinion, reasoned opinion, on both the clear and convincing preponderance of the evidence standard and the taping transcript issue, do you believe that those are issues that the BIA should be given the opportunity to address? I think it's a fine idea, Your Honor. They have looked at these issues, but not in a way that is precedential. And while I think the law is as I've argued it, I think it would be a fine idea for the BIA to do that. They're not waiting for the Supreme Court to reverse our CASA's decision? I don't think they're waiting at the moment, no. There was Mr. Fife referred to the Verdugo-Gonzalez case, which is appended as a supplement to the record here, where he asserts that the government took the position that there was no jurisdiction for BIA review. And that's, if you read the transcript, that simply isn't what the argument was. The question was, is it a 236C or A question? And if it was an A question, the BIA made very clear and the government's lawyer made very clear that there is jurisdiction. So as far as we understand it, what you're saying is that in a CASA's hearing, not directed by a district court, but that in, or if it directed by a district court, in either case, if there is a CASA hearing, the BIA has, that's where the petitioner, if doesn't get released, can appeal to the BIA. Exactly. And I thought so because that's what you were arguing before. Yeah. And in fact, in all three cases that are before the court, the BIA has made a determination on the bond here. In this case, Your Honor, Mr. Singh had a record of disturbing the peace, of felony DUI, of spousal abuse, for which he was sentenced to three years in prison, and felony DUI of two years in prison. And the immigration judge was, among other things, impressed by the petitioner's discounting of the spousal abuse claim by saying that he didn't draw blood on his wife. And as he went through the determination, it's not unreasonable for his determination to be that Mr. Singh was a flight risk and a danger to the community. And that's what the BIA affirmed. The burden of proof in this case was correctly applied. The immigration judge said that the government established that the petitioner was a danger to the community, which the BIA affirmed. And so for all of those reasons, I think the court should affirm the decision below and deny the writ. Thank you. You have a minute. Thank you, Your Honor. Just on the exhaustion issue, I just want to give the court one say. This court's bound by the decision in Arango-Marquez v. INS 346, Fed 3rd, 892, where the court determined that a matter of detention, of immigration detention, does not require prudential exhaustion. And so that case was argued for the district court below. In any case, the BIA's decision related to constitutional issues, to which the district court really doesn't need to give that much deference, because those are things that are somewhat beyond their purview. And finally, as to the Verdugo case, I read the briefs in that case, and it was a pretty prominent argument in the brief by the government that the BIA lacked jurisdiction under the regulations, because the regulations say that the Department of Justice has jurisdiction over custody matters only until an administratively final removal order is entered. Then it does not have jurisdiction. Only DHS has jurisdiction over custody matters at that point. And that's what the government argued, and that was the question that was before the BIA and Verdugo. Thank you. Thank you.
judges: Hall, Fisher, Bybee